UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
FLORENCE F. SMITH,

Plaintiff,

-against-

DAMION MILLS; BIJON NASSI; SHAY KRAUSZ a/k/a SHK SALES; ALAN J. WAINTRAUB, ESQ. a/k/a MONTROSE EQUITY PARTNERS LLC a/k/a JEMCAP FUNDING LLC; and BRADLEY MARSH,

Defendants.
---------------------------------------------------------------X

**MEMORANDUM AND ORDER**
20-CV-2260 (RPK) (RLM)

RACHEL P. KOVNER, United States District Judge:

*Pro se* plaintiff Florence F. Smith brings this action against five individuals, alleging that defendants violated her rights under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.* Defendants Bijon Nassi and Alan J. Waintraub have each moved to dismiss the complaint based on lack of subject-matter jurisdiction and failure to state a claim. *See* Nassi Mot. to Dismiss ("Nassi Br.") (Dkt. #13); Waintraub Mot. to Dismiss ("Waintraub Br.") (Dkt. #22). As explained below, the complaint is dismissed because plaintiff's claim is time-barred.

## BACKGROUND

Records of the Office of the City Register for Kings County reflect that on May 8, 2015, Bijan Nassi loaned $500,000 to a limited liability company called FFLS Integrity Enterprises, LLC ("FFLS"). *See* Nassi Br. Ex. A (Dkt. #13-2). To secure the loan, FFLS mortgaged real properties at 127 Montrose Avenue and 168-170 Patchen Avenue in Brooklyn. *See ibid.* FFLS paid Nassi in full and received a Satisfaction of Mortgage, which was recorded in 2015. *See id.* Ex. B (Dkt. #13-3).

On June 29, 2015, Jemcap Funding LLC ("Jemcap") loaned $1,100,000 to FFLS. *See* Waintraub Br. Ex. A (Dkt. #22-2). To secure the loan, FFLS again mortgaged the real properties at 127 Montrose Avenue and 168-170 Patchen Avenue. The mortgage was recorded on August 28, 2015. *See id.* Ex. B (Dkt. #22-3).

On July 2, 2015, Jemcap made a second loan of $250,000 to FFLS, which was secured by a mortgage recorded on July 9, 2015. *See id.* Exs. C, D (Dkts. #22-4, #22-5).

On March 15, 2016, Jemcap made a third loan of $400,000 to FFLS, which was secured by a mortgage recorded on March 23, 2016. *See id.* Exs. E, F (Dkts. #22-6, #22-7).

On March 15, 2016, the three outstanding loan agreements were consolidated, amended, and restated to constitute a single consolidated note of $1,750,000. *See id.* Exs. G, H (Dkts. #22-8, #22-9). Plaintiff Florence F. Smith is a guarantor for the sums owed under the consolidated note. *See* Waintraub Br. at 8; *id.* Exs. G, H; *see also* Compl. at 9. In December 2016, FFLS deeded to plaintiff the real properties that secured the consolidated note. *See id.* Exs. K, L (Dkts. #22-10, #22-11). Jemcap filed a state-court foreclosure action as to the real properties against FFLS. *See id.* Ex. M (Dkt. #22-12). Jemcap alleged that FFLS had defaulted on the consolidated note. *See ibid.* Jemcap and the assignee of the consolidated note, Montrose Equity Partners, LLC ("Montrose"), obtained a judgment of foreclosure and sale of the real properties. *See id.* Ex. O (Dkt. #22-14).

Plaintiff then filed this action in federal court against Alan J. Waintraub, who was counsel for Jemcap and Montrose in the foreclosure action; "lenders" Bijon Nassi, Shay Krausz, and Bradley Marsh; and "acquisition director" Damion Mills. *See* Compl. at 2-6 (Dkt. #1). Plaintiff alleges that defendants "are predatory lenders" who made misrepresentations and false claims in

June 2015 in connection with loans to FFLS. *Id*. at 7. Plaintiff alleges that Krausz violated the plaintiff's "right to a truth in lending loan agreement" when Krausz gave plaintiff what plaintiff believed to be a "personal loan." *Id.* at 9. Plaintiff further alleges that Krausz failed to disclose that the lender was Waintraub and that the loan was "commercial" in nature. *See ibid*. Plaintiff claims the loan's commercial status affected whether the loan would qualify for certain benefits under TILA. *See ibid*. Plaintiff further alleges that Krausz failed to consider plaintiff's "financial wellbeing and ability to repay the loan without financial restrictions," *ibid.*, and that Mills and Nassi "deceived" plaintiff by telling her to create FFLS for the purpose of receiving loans, *id.* at 10. Plaintiff seeks $3 million in compensatory damages. *Ibid.*

Defendants Nassi and Waintraub have each moved to dismiss the complaint for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim under Rule 12(b)(6). *See generally* Nassi Br.; Waintraub Br.

**STANDARD OF REVIEW**

In evaluating a motion to dismiss based on lack of subject-matter jurisdiction and other grounds, the court resolves the jurisdictional question first. *See Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011), *aff'd*, 568 U.S. 85 (2013).

When a defendant moves to dismiss a lawsuit based on lack of subject-matter jurisdiction, the plaintiff must show that the Court has "the statutory or constitutional power to adjudicate" the action. *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 417 (2d Cir. 2015). A federal court has subject-matter jurisdiction only if the plaintiff has constitutional standing to sue. *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011). "Where, as here, a case is at the pleading stage, the plaintiff must clearly allege facts demonstrating

each element" of standing. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016) (quotations and ellipsis omitted).

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint based on "failure to state a claim upon which relief can be granted." To avoid dismissal on that basis, a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial "plausibility standard is not akin to a 'probability requirement.'" *Ibid.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)). But it requires a plaintiff to allege sufficient facts to enable the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ibid.* "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof [of the facts alleged] is improbable, and that a recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (quotations omitted). In evaluating a motion to dismiss under Rule 12(b)(6), the court must accept all facts alleged in the complaint as true. *Iqbal*, 556 U.S. at 678. But it need not adopt "[t]hreadbare recitals of the elements of a cause of action" that are "supported by mere conclusory statements." *Ibid.*

When a plaintiff is proceeding *pro se*, the plaintiff's complaint must be "liberally construed, and . . . however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotations and citations omitted). "Nonetheless, a *pro se* complaint must state a plausible claim for relief." *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020).

To assess plausibility, the Court considers the "allegations on the face of the complaint" as well as "documents that are attached to the complaint, incorporated in it by reference, integral to the complaint, or the proper subject of judicial notice." *United States v. Strock*, 982 F.3d 51, 63

(2d Cir. 2020) (quotations omitted); *see Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006). Under this principle, courts commonly consider agreements, notes, and mortgage documents underlying the complaint. *See Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995); *see also RA Glob. Servs., Inc. v. Avicenna Overseas Corp.*, 817 F. Supp. 2d 274, 281 (S.D.N.Y. 2011); *Nath v. JP Morgan Chase Bank*, No. 15-CV-3937, 2016 WL 5791193, at *1 n.1 (S.D.N.Y. Sept. 30, 2016); *Done v. Option One Mortg.*, No. 09-CV-4770, 2011 WL 1260820, at *2, *4, *8 (E.D.N.Y. Mar. 30, 2011).

## DISCUSSION

Plaintiff seeks damages under TILA. Defendants Nassi and Waintraub have moved to dismiss the complaint on the grounds that plaintiff lacks constitutional standing and that her claim is time-barred, among other arguments. As explained below, plaintiff has standing to sue, but her claim is time-barred.

### I. Plaintiff has adequately alleged standing.

The moving defendants contend that plaintiff lacks constitutional standing. *See* Waintraub Br. at 11-12; Nassi Br. at 3-4. To adequately plead standing, a plaintiff must allege an injury that is (i) "concrete, particularized, and actual or imminent"; (ii) "fairly traceable to the challenged action"; and (iii) "redressable by a favorable ruling." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013) (citations omitted); *see Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("At the pleading stage, general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presume that general allegations embrace those specific facts that are necessary to support the claim." (quotations omitted)).

Plaintiff has met that burden. Plaintiff alleges that defendants violated TILA's disclosure requirements in connection with loan agreements that she signed, and her complaint can fairly be read to allege that she would not have entered those agreements in the absence of defendants' alleged misrepresentations. *See* Compl. at 7-10. And she seeks compensatory damages. *See id.* at 9-10. Those allegations suffice at the pleading stage. *See Strubel v. Comenity Bank*, 842 F.3d 181, 190-91 (2d Cir. 2016) (holding that plaintiff had standing because she alleged that defendants violated TILA's disclosure requirements); *see also Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 997 F.3d 436, 443 (2d Cir. 2021); *Arroyo v. PHH Mortg. Corp.*, No. 13-CV-2335, 2014 WL 2048384, at *5-6 (E.D.N.Y. May 19, 2014).

Waintraub argues that plaintiff lacks standing because the loans were extended to FFLS and not plaintiff personally. *See* Waintraub Br. at 11-12. But TILA requires a creditor to "disclose to the person who is obligated on a consumer lease or a consumer credit transaction the information required" by the statute. 15 U.S.C. § 1631(a). Plaintiff's complaint can be fairly read to allege that defendants were required to make the necessary disclosures to her because she was "obligated" on the transaction. *See* Compl. at 7-10. Plaintiff alleges that she was "deceived" into creating FFLS for the purpose of entering the consolidated note agreement, *id*. at 10, and plaintiff was the guarantor for sums owed under the consolidated note, *see* Waintraub Br. at 8; *id.* Exs. G, H (consolidated note); Compl. at 9-10; *id.* Ex. A (articles of organization for FFLS); *see also Barash v. Gale Emp. Credit Union*, 659 F.2d 765, 768 (7th Cir. 1981) (holding that the guarantor of a loan was entitled to recover damages where a creditor violated TILA's disclosure requirements).

Waintraub also argues that plaintiff cannot show that her injury is redressable because her claim is barred by collateral estoppel and *res judicata*. *See* Waintraub Br. at 12. But "the doctrine

of *res judicata* or issue preclusion in no way implicates jurisdiction." *Thompson v. Cty. of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994). Whether plaintiff's claims are precluded does not bear on whether plaintiff has constitutional standing, but instead on whether plaintiff has stated a claim. *See, e.g.*, *Sterling v. Deutsche Bank Nat'l Tr. Co. as Tr. for Femit Tr. 2006-FF6*, No. 19-CV-205, 2019 WL 10960256, at *4 (S.D.N.Y. Dec. 10, 2019) (evaluating *res judicata* defense under Rule 12(b)(6)); *Gordon v. First Franklin Fin. Corp.*, No. 15-CV-775, 2016 WL 792412, at *3 n.4 (E.D.N.Y. Feb. 29, 2016) (declining to evaluate defendants' *res judicata* challenge under Rule 12(b)(1) because that doctrine does not implicate jurisdiction); *Calemine v. Gesell*, No. 06-CV-4736, 2007 WL 2973708, at *1 n.1 (E.D.N.Y. Sept. 28, 2007) (holding that although defendants moved under both Rule 12(b)(1) and 12(b)(6), "the grounds for their motion, *res judicata* and statute of limitations, are both properly considered under Rule 12(b)(6)"). Plaintiff therefore has standing to sue.

**II. Plaintiff's claim is barred by TILA's statute of limitations.**

Defendants Nassi and Waintraub argue that plaintiff's claim is barred by TILA's statute of limitations. Nassi Br. at 3; Waintraub Br. at 10. Although defendants' arguments on this point are cursory, the court may also "dismiss an action *sua sponte* on limitations grounds in certain circumstances where 'the facts supporting the statute of limitations defense are set forth in the papers plaintiff [her]self submitted.'" *Walters v. Indus. & Com. Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) (quoting *Leonhard v. United States*, 633 F.2d 599, 609 n.11 (2d Cir. 1980)); *see* Charles Alan Wright & Arthur R. Miller, 5 Fed. Prac. & Proc. § 1278 (3d ed. 2021) (collecting cases); *see also, e.g.*, *Harnage v. Torres*, 665 F. App'x 82, 83 (2d Cir. 2016); *NYSA Series Tr. v. ESPSCO Syracuse, LLC*, No. 14-CV-1089, 2015 WL 12762274, at *2 (N.D.N.Y. Dec.

2, 2015), *aff'd sub nom. NYSA Series Tr. v. Dessein*, 632 F. App'x 26 (2d Cir. 2016); *De Santis v. City of New York*, No. 10-CV-3508, 2014 WL 228659, at *5 (S.D.N.Y. Jan. 22, 2014); *Rodriguez v. Mount Vernon Hosp.*, No. 09-CV-5691, 2011 WL 3163506, at *5 (S.D.N.Y. July 27, 2011), *report and recommendation adopted*, 2011 WL 3874814 (S.D.N.Y. Sept. 2, 2011).

Plaintiff's TILA claim must be dismissed because it is time-barred. Plaintiff's own submissions indicate as much. Her complaint alleges that defendants violated TILA on June 12, 2015 when they "deceived" her in connection with the loan agreement executed on June 29, 2015. Compl. at 9; *see id.* at 7-10. But a plaintiff must bring damages claims under TILA "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). And "[i]t is well-settled law that where a claim for damages under TILA is premised on the failure to provide material disclosures, the date of the occurrence of the violation is no later than the date the plaintiff enters the loan agreement, or possibly, when defendant performs by transmitting the funds to plaintiff[]." *Williams v. Ocwen Loan Servicing, LLC*, No. 19-CV-2187, 2020 WL 5757640, at *10 (E.D.N.Y. Sept. 27, 2020); *see Latouche v. Wells Fargo Home Mortg. Inc.*, 752 F. App'x 11, 13 (2d Cir. 2018) ("[A] suit for damages under TILA, in connection with a mortgage loan, may not be brought more than one year after entering into that loan.").

The same conclusion follows from documents amenable to judicial notice. The Court may take judicial notice of the underlying notes and mortgage documents because they are integral to plaintiff's complaint and matters of public record. *Strock*, 982 F.3d at 63; *see, e.g.*, *RA Glob.*, 817 F. Supp. 2d at 281; *Harriott v. Nationstar Mortg. LLC*, No. 17-CV-4748, 2018 WL 4522102, at *1, *11 (E.D.N.Y. Aug. 17, 2018), *report and recommendation adopted*, 2018 WL 4853045 (E.D.N.Y. Sept. 28, 2018); *Done*, No. 09-CV-4770, 2011 WL 1260820, at *4. Those documents

establish that FFLS entered all the loan agreements in dispute here on or before March 23, 2016—more than four years before plaintiff filed this action on May 15, 2020. *See* Waintraub Br. Exs. A-H; Nassi Br. Exs. A-B. Plaintiff's claim under TILA is therefore time-barred. *See, e.g.*, *McNeil-Coward v. Palterovich*, 416 F. Supp. 3d 236, 243 (E.D.N.Y. 2018); *Arroyo*, No. 13-CV-2335, 2014 WL 2048384, at *12; *Midouin v. Downey Sav. & Loan Ass'n, F.A.*, 834 F. Supp. 2d 95, 108 (E.D.N.Y. 2011); *Done*, No. 09-CV-4770, 2011 WL 1260820, at *8.

Plaintiff is not entitled to equitable tolling of TILA's statute of limitations. Equitable tolling is available "in rare and exceptional circumstances, where the court finds that extraordinary circumstances prevented the party from timely performing a required act, and that the party acted with reasonable diligence throughout the period [s]he sought to toll." *Grimes v. Fremont Gen. Corp.*, 785 F. Supp. 2d 269, 286 (S.D.N.Y. 2011). "[I]n cases involving TILA, the courts have held uniformly that fraudulent conduct *beyond the nondisclosure itself* is necessary to equitably toll the running of the statute of limitations." *Ibid.* (emphasis in original). Plaintiff's complaint does not allege facts suggesting that equitable tolling would be available. And plaintiff has failed to set forth facts supporting equitable tolling in her response to the Court's Order to Show Cause concerning that issue. Order Dated 8/2/2021. To the extent that plaintiff's response implies that equitable tolling is appropriate because she did not discover the non-disclosures until February 4, 2020, *see* Smith Decl. at 1, 3 (Dkt. #39), courts in this circuit have consistently stated that TILA's statute of limitations for damages claims "runs from the time of the occurrence, not the time of discovery," *Arroyo*, No. 13-CV-2335, 2014 WL 2048384, at *12; *see Latouche*, 752 F. App'x at 13; *see also Boursiquot v. Citibank F.S.B.*, 323 F. Supp. 2d 350, 354 (D. Conn. 2004) (collecting cases). I therefore dismiss plaintiff's TILA claim.

**III. Plaintiff is denied leave to amend because amendment would be futile.**

Where a "liberal reading of the complaint gives any indication that a valid claim might be stated," a *pro se* plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009). But courts in this circuit have denied leave to amend where, as here, "plaintiff's claim for damages under TILA is time-barred on its face," and there is no basis to conclude that amendment would cure that deficiency. *Kelmetis v. Fed. Nat'l Mortg. Ass'n*, No. 16-CV-246, 2017 WL 395120, at *7 (N.D.N.Y. Jan. 27, 2017); *see, e.g.*, *Barnett v. Countrywide Bank, FSB*, 60 F. Supp. 3d 379, 394 (E.D.N.Y. 2014); *McCarty v. Bank of N.Y. Mellon*, No. 14-CV-6756, 2015 WL 5821405, at *9-10 & n.6 (S.D.N.Y. Sept. 8, 2015), *aff'd*, 669 F. App'x 6 (2d Cir. 2016). Plaintiff is therefore denied leave to amend.

**CONCLUSION**

The motions to dismiss are granted. Because the time bar that dooms plaintiff's claim against the moving defendants applies equally to the non-moving defendants, the complaint is dismissed with prejudice in its entirety. *See Walters*, 651 F.3d at 293; *see also Rodriguez*, No. 09-CV-5691, 2011 WL 3163506, at *5.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: September 10, 2021
Brooklyn, New York